*Stewart v. State*, No. 643-10-16 Wncv (Teachout, J., Dec. 18, 2017).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                          **CIVIL DIVISION**
**Washington Unit**                                         **Docket No. 643-10-16 Wncv**

**DEBRA STEWART**
    **Plaintiff**

    **v.**

**STATE OF VERMONT, et al.**
    **Defendants**

### DECISION
### Ms. Stewart's Motion to Reconsider
### The State's Motion for Summary Judgment

Plaintiff Debra Stewart has sued the State for claims arising out of property damage and personal injuries allegedly caused by a foster child while in her care. In an August 7, 2017 decision, among other things, the court dismissed Ms. Stewart's breach of contract claim (count 2) because the complaint did not describe any contract that might have been breached. The court denied the State's statute of limitations argument on counts 5 and 6 because it depended on a timeline of events that did not appear in the complaint. In response to the decision, Ms. Stewart has filed a motion to reconsider the dismissal of her contract claim and the State has filed a summary judgment motion reasserting its statute of limitations argument.

*Motion to reconsider*

The court retains broad discretion to review its interlocutory orders. See *Drumheller v. Drumheller*, 185 Vt. 417, 432 (2009). However, a motion to reconsider should not be a vehicle to relitigate matters previously adjudicated by the court or to consider matters not initially raised by the moving party. *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F.Supp. 656, 665 (N.D. Ill. 1982). "The standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Latouche v. North Country Union High School Dist.*, 131 F.Supp.2d 568, 569 (D.Vt. 2001) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "Additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Rossi v. Troy State Univ.*, 330 F.Supp.2d 1240, 1249 (M.D. Ala. 2002). A party may not wait for reconsideration to "wheel out all its artillery." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (quoting *Employers Ins. of Wausau v. Bodi–Wachs Aviation Ins. Agency*, 846 F.Supp. 677, 685 (N.D. Ill. 1994)).

The court dismissed Ms. Stewart's breach of contract claim because the complaint did not

describe any contract. On reconsideration, Ms. Stewart asserts that her breach of contract claim really is a promissory estoppel claim. Breach of contract and promissory estoppel are entirely different claims. The complaint does not fairly describe a promissory estoppel claim and Ms. Stewart did not assert any such claim in opposition to dismissal. She asserts it now for the first time. It thus is not something that the court overlooked on dismissal. There is no basis for reconsideration.

However, the court will interpret the assertion of promissory estoppel now as a request for leave to amend the complaint to properly assert such a claim. V.R.C.P. 15(a). Doing so would not be obviously frivolous or prejudicial. The court declines to address the State's pre-emptive argument in opposition to a promissory estoppel claim because it has not yet been properly pleaded.

*Motion for summary judgment*

In the dismissal decision, the court declined to dismiss counts 5 and 6 on statute of limitations grounds because the timeline relied upon by the State did not appear in the complaint, which was silent on when the events of this case occurred. The State has now filed a summary judgment motion supported by an affidavit establishing that the foster child in this case was finally removed from Ms. Stewart's household on July 19, 2013. It therefore argues that all claims of injury to persons or property should have been filed no later than July 19, 2016. See 12 V.S.A. § 512(4), (5) (3-year limitations period applies to injuries to persons or personal property). This case was filed on October 28, 2016 and thus these counts are untimely.

Ms. Stewart does not dispute the date the child was removed from her household or assert that the child caused harm after being removed. Instead, she argues that she needs more time for discovery in this case to determine whether her claims may have accrued later than the date the child was removed from her household. However, these are claims of physical injury allegedly caused by the child prior to being removed from her household. Ms. Stewart offers no explanation of how her claims could have accrued after the date the child was removed. If Ms. Stewart needed additional time for discovery, she was required to supply specific reasons for it by affidavit. V.R.C.P. 56(d). She did not do so and otherwise no such reasons are apparent to the court. This is insufficient to avoid summary judgment.

On this record, there is no perceptible way that Ms. Stewart's claims could have accrued later than July 19, 2013. She did not assert these claims in a timely manner.

This summary judgment ruling applies to the claims asserted to this point. At this time, it would not apply to any claim that might be asserted as a result of a motion to amend and amended complaint.

ORDER

For the foregoing reasons, Ms. Stewart's motion to reconsider is denied and the State's motion for summary judgment is granted. Ms. Stewart has leave to file an amended complaint within 30 days if she chooses to do so.

Dated at Montpelier, Vermont this _____ day of December 2017.

_____
Mary Miles Teachout
Superior Judge